IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY WASHINGTON, | : | 1:11-cv-1881 |
| | : | |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| FEDERAL BUREAU OF PRISONS, | : | |
| | : | |
| Respondent. | : | |

# MEMORANDUM

## February 8, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 9), filed on January 19, 2012, which recommends that this action be dismissed without prejudice to the Petitioner to re-file an action after he has exhausted his administrative remedies. Petitioner has not filed objections to the R&R and the time to do so has lapsed.[1] For the reasons set forth below, the Court will adopt the R&R.

---

[1] Objections were due by February 6, 2012.

I.  **STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

II. **DISCUSSION**

*Pro se* Petitioner Anthony Washington ("Petitioner" or "Washington") is a federal inmate who was sentenced on January 21, 2009 in the United States District Court for the District of Connecticut to a 120 month term of imprisonment following his conviction for conspiring to possess with intent to distribute

phencyclidine. Washington is currently incarcerated at the United States Penitentiary at Allenwood. Washington alleges that his current placement at Allenwood prevents him from participating in the 500 hour drug rehabilitation program. The petition recites that this restriction in access to certain prison programming is due, in part, to prison security classification decisions made by the Bureau of Prisons ("BOP") based upon information set forth in Washington's presentence report.[2] Washington urges the Court to "recommend to the BOP to re-evaluate and recalculate his security level to allow him to participate in the 500 hour drug treatment program at FCI Fairton."

    Thus, while Washington has attempted, unsuccessfully, to collaterally attack his prior convictions set forth in the presentence report with the sentencing court itself, he apparently has not yet endeavored to administratively address his concerns regarding these prison programming and placement decisions with the BOP. As Magistrate Judge Carlson correctly notes, the BOP has adopted a three-tiered administrative remedy procedure with respect to inmate complaints, and inmates are required to exhaust the administrative procedure before filing a claim in court. The

---

[2] As set forth in detail by Magistrate Judge Carlson in the R&R, Washington has a violent criminal past, which the BOP takes into consideration when rendering an inmate's security classification. Washington attempted to have some of his criminal record stricken from his presentence report by filing a motion with his sentencing court, however, he was unsuccessful in that endeavor.

BOP maintains computerized indices of all administrative appeals filed by inmates so that staff can verify whether an inmate has exhausted administrative remedies on a particular issue. A December 1, 2011 check of Washington's administrative remedies filings indicates that he has only filed three grievances during his incarceration and none of them deal with the issue raised by him in the petition. Thus, as correctly noted by Magistrate Judge Carlson, Washington's complaints are wholly unexhausted at this time and we shall accept his recommendation that the action be dismissed without prejudice so that Washington may exhaust his administrative remedies.

    As we have already mentioned, the Petitioner has not filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*. An appropriate Order shall issue.